# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SERGIO BEJARANO, | : | CRIMINAL NO. |
|    Movant, | : | 1:05-CR-0477-CC-GGB-5 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1919-CC-GGB |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | 28 U.S.C. § 2255 |
| | : | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS THE ORDER OF THIS COURT

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Gerrilyn G. Brill [Doc. 1571], and Movant's Objections thereto, [Doc. 1575]. In the R&R, Magistrate Judge Brill recommends denying Movant's motion to vacate sentence under 28 U.S.C. § 2255.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Movant has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). However, where a movant does not file *specific objections* to factual findings and recommendations of the magistrate judge, this Court need not perform a *de novo* review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing inter alia

Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

In his motion [Doc. 1498], Movant raises two grounds for relief: (1) counsel was ineffective for failing to inform Movant of the deportation consequences of his guilty plea; and (2) counsel was ineffective for failing to "advise, discuss and permit" Movant to review and object to the erroneous presentence investigation report. In the R&R, Magistrate Judge Brill recommends denying the first ground for relief, because the case relied on by Movant to support the claim, Padilla v. Kentucky, 130 S. Ct. 1473 (2010), was decided after Movant's conviction became final on direct review, and Padilla is not retroactively applicable to Movant's case on collateral review. Magistrate Judge Brill recommends denying the second ground for relief because Movant, in a negotiated plea agreement, waived his right to collaterally attack his sentence, and this waiver precludes him from raising an ineffective assistance of counsel claim related to sentencing. [Doc. 1571].

In his objections [Doc. 1575], Movant argues that his waiver is unenforceable because he is a Mexican national with limited English skills, and he was not appointed a translator during the guilty plea hearing. Movant also argues that Padilla should apply retroactively.

AO 72A
(Rev.8/82)

Movant's objections are without merit. A review of the plea hearing transcript reveals that an interpreter was sworn by the Court at the start of the hearing to interpret the proceedings. [Doc. 1123 at 2]. Further, the Court specifically addressed the negotiated appeal waiver with Movant during the plea colloquy, and Movant indicated that he understood that he was giving up the right to collaterally attack his sentence. [Id. at 31-32]. Lastly, the United States Supreme Court has recently held that Padilla does not apply retroactively on collateral review. Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013). Accordingly, Movant's objections are overruled.

At the time the R&R was entered, neither the Supreme Court nor the Eleventh Circuit had determined whether Padilla applied retroactively. Thus, Magistrate Judge Brill recommended that a certificate of appealability be granted on that issue. However, because the Supreme Court has since determined that Padilla does not apply retroactively, the Court finds that a certificate of appealability is not warranted.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Movant's § 2255 motion [Doc. 1498] is **DENIED**.

3

The two pending motions filed by Movant [Docs. 1512 and 1513] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED.**

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 25th day of March, 2013.

        s/ CLARENCE COOPER
        CLARENCE COOPER
        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)